Call our second case of the afternoon, Lemons v. Reliance Standard Good afternoon, your honors. I am James Smith here today on behalf of Jeffrey Lemons. May I have five minutes on rebuttal, if I may, please. I'm interested in the attorney fee issue myself, and I would appreciate it if you could talk about that. Sure. Let's start off maybe with an issue where we can all agree, and that would be that statutorily, Jeffrey Lemons has a right to request attorney's fees, a right to request them. Under ERISA. I'm sorry, under ERISA. And it's a different standard from a technical prevailing party standard. Correct, yes, your honor. It's a different standard. The addressing attorney's fees is a different standard, but the request, the denial of a simple request to have an opportunity to move for attorney's fees is de novo, because it's a question of law that this Court is being called to answer. But the issue of attorney's fees was raised. He addressed it. They argued about Buckhannon. He never contended that Judge Tucker improperly decided the ERSIC factors. On reconsideration, all he did was say, you know, let me file a motion. Shouldn't he at some point have said, you're weighing the ERSIC factors wrong and here's why? We weren't given that opportunity until we got to reconsideration. At the time that we had filed a motion for summary judgment and that was being briefed, it was clear that the issue that was before the Court was liability, not damages, certainly not the collateral issue of attorney's fees. It was strictly liability. We had bifurcated things in order to be efficient with regard to the judicial resources we had, and we believed that was the appropriate way to proceed. And in your opening brief, you didn't mention attorney's fees, right? In our opening brief, there was nothing about attorney's fees. We did not. We never requested attorney's fees because it wasn't right. That's correct. And we were surprised that this argument about mootness came up, and in our reply brief to that, we did say we intend to raise the issue of attorney's fees after liability is decided on the motion for summary judgment, which was pending before the Court. But just as was asked in the case that immediately preceded you, which I confess had a longer and more egregious history than this one, there still remains what at least for me is a five-and-a-half-year mystery, and without putting too fine a point on it, the district court's docket is a mess from what I've been able to tell. Can you explain what in the world happened or why nothing apparently did happen here over such a long period of time? I can't, Judge. My client, I can tell you my client called me several times and asked. Five-and-a-half years with no substantive docket activity as far as I can see from summary judgment briefing until the ruling. And then there's a mysterious telephone call. I mean, this reads like a cheap mystery novel. It felt like I was involved in a cheap mystery novel when I got the call. I remember that call sitting at my desk. You received the call? I received the call. Was it from the courtroom deputy? The judge's law court. It lasted 20 seconds, and the questions were this. Did you get the letter? Did you get the February 2006 letter that was faxed to me at 814 on the morning of motion summary judgment due date? And I said yes. And then the next question was, has your client received checks since? Yes. Thank you very much. Hang up. That was it. It was a mystery to me. Well, it is a mystery. And is that the kind of record from which any sort of finding of fact could be based? Absolutely not, Judge. In fact, my argument on attorney's fees today was going to take us down this road, notwithstanding the fact that neither party, not just us, but Reliance, had not addressed or briefed any of the ERSIC factors. The district court delved into it nonetheless. So there wasn't a request. The brief in opposition to your motion for summary judgment says you're not entitled to fees. So the issue comes pretty front and center. And they were arguing on a prevailing party. They were arguing that the applicable standard is prevailing party. And we countered that, saying it wasn't because there wasn't the language in the statute. And ultimately, the court agreed with us on that. I mean, there was a lot of opportunity here to address the fees and the ERSIC factor. And I guess what I come away with is Judge Tucker, her ruling on ERSIC came after there was discussion about fees, and no one talked about ERSIC fees. I'm still trying to figure out what happened before there was discussion of the ERSIC factors or any kind of ruling or indication that there would be a ruling on attorney's fees. There was some kind of notice or I guess an order from the court that went out to the effect that you were to review the case by letter within 10 days. Yeah, there was. What's up with that? Procedurally, one of the briefs was never recorded and put online. That deadline came and went, didn't it, without anything really happening that 10-week period? Maybe we're thinking about different – it's a long five-and-a-half years, Judge, but I think that what you're referring to is we had received several calls, two calls before the mysterious call from the judge's clerk asking us to resend her a copy of a brief that we had filed because it wasn't available to them somehow in the back room of the courtroom, of the courthouse. So we had complied with those requests. I'm not sure what else you're speaking of, Judge. I apologize. I may be able to find it here because I have an excerpt from the docket in front of me, but go ahead. It gets worse, I think, and I'm sorry to say that, but notwithstanding the fact that neither party had ever briefed the ERSIC issues, the judge got into it. And in doing so, she reached the very distinct conclusion that because Reliance had made some partial payment of relief, in the form of partial relief, that she constituted that to be effective settlement. And then she went on to say that this effective settlement, which was accomplished in 2006, rendered her incapable of conducting an analysis of the ERSIC factors on the termination decision, which happened five years before that. I hate to be a pest. Well, not really. But again, going back into this undecipherable docket history, wasn't there a notice scheduling a jury trial? No. That never came about? And I would have thought, however... Wasn't there a notice? Wasn't there a notice tentatively scheduling a jury trial? I don't believe there ever was, Judge. Did they came and went? I don't know. As I stand here, I'm sorry, that wasn't. What I do know is when our motion for summary judgment was filed, I expected one of two different outcomes. Either we would be granted, in which case we would move on to damages, or I would be denied, in which case we would then pursue attorney's fees and costs, which is the normal course and procedure that the... I was in from the beginning of the complaint filing. Didn't have much involvement before it got to suit. Long time. So what you want is for us to remand, for you to give an opportunity for the court to decide, you already decided ERSIC, but there's issues also as to whether Buchanan applies in this type of situation. Well, not really. This is Hart rather than Buchanan. And in your motion to reconsider, that was the first time that Hart was raised, right? She had not considered, although Hart had been decided before her opinion, she had not discussed it, and you then brought it to her attention. Yes, that's correct. And to the extent that she ruled on attorney's fees without us asking for it, she did rule consistent with Hart. The problem is, though, that what we would really like, Your Honor, is an opportunity to motion, to argue for fees. We haven't gotten that yet. The judge had a really difficult time working through the record because neither party had briefed attorney's fees. But in your reply, didn't you, on the summary judgment, you did urge that you were entitled to attorney's fees. I had said that I wasn't. No, what I said, Your Honor, was that the standard, that reliance standard was offering, the prevailing party standard didn't apply, and that we were going to be asking for attorney's fees after the motion for summary judgment on liability. Am I correct that you made a request for leave to move for attorney's fees at some point along the line? That was part of our motion for reconsideration was there was an ask for the opportunity to file a request for attorney's fees. Right. Consistent with cases like Zakarki out of the Eastern District, which is akin to where we're at today, and for all the reasons that the Eastern District Court in that case proffered policy-wise, it applies here where reliance standard, after five years of investing my client's money, reinstated partial benefits only because Lemons mounted a vigorous challenge. And reliance engaged in this undesirable strategic behavior of terminating and withholding Lemons' benefits, and a partial payment was made at the 11th hour simply to moot the underlying action and thus avoid attorney's fees. Well, the issue, what was withheld was the Social Security deduction, right? That is correct, yes. Yeah, but there, I mean, that, and it wasn't consistent. It was certain payments, but not all the payments. So they probably were wrong in doing it, but I don't know whether you can say it's a strategic move. It seems to me that's the kind of thing that goes before the administrator, plan administrator, not the court. I mean, I'm just wondering whether after you got that phone call and, in fact, benefits were reinstated and that you had to assume the district court had the impression that the case is pretty much over. Why you didn't at that point during those years say, here, we're moving for attorney's fees. It's been reinstated. We have an ancillary dispute about the amount that we're proceeding before the plan administrator, but here's our request for attorney's fees instead of sitting back and saying it's the wrong standard, it's the wrong standard, and then she rules, and you say, oh, we want to file a motion. Right. Well, I mean, I was very certain that we had no issue regarding the motion of summary judgment in the face of the capitulation of reliant standard at the 11th hour. I see my time is up. May I just finish this thought? Yeah, go ahead. By repaying most of or some of the outstanding benefits that were due, keeping in mind all along that on the issue of mootness, the burden of proof by this court's holdings and the United States Supreme Court's holdings is clearly on the party seeking mootness, and that that burden is a heavy burden. Okay, but just, I mean, you're hiding behind strategy a little bit because, you know, your client is then getting paid again, although there is a dispute as to whether they should have properly deducted the Social Security. So he's getting paid, and he said that he was wrongfully denied, so he's getting paid. Doesn't it seem like it's pretty much, you know, in terms of the gravamen of your complaint, they're saying, you know, may I pull, but, you know, here's your money. I didn't feel, I did not feel, I was completely convinced that it was inappropriate for me to bring up the issue until the judge had first ruled on liability, which was the only issue before the court at that time. I guess my question is whether liability was still at issue given the reinstatement. I would have liked that decision much earlier. Yeah, we'll hear from you on rebuttal. Thank you. May it please the Court. Good afternoon. Joshua Bachrach. I represent the appellees in this case. I think it's important to first start out to clarify some statements that were made that aren't correct. There is no evidence in the district court record that a partial benefit was paid as claimed. There's no evidence in the district court record that my client made an incorrect payment of disability benefits under this plan. There's no evidence of that at all. So you're saying there is evidence that it was reinstated and the plaintiff had gotten everything, or by inference, the plaintiff had gotten everything to which he was entitled. Yes, and if he did not, your Honor had mentioned something about he had raised the issue with the plan administrator. That's the problem. He did not. On May 16, 2006, my client sends to Mr. Lemons a letter, and that letter states here is the amount you're getting, your benefits have been reinstated. Here's how we calculate that amount. And if you disagree with this, here are your appeal rights under ERISA. And he never appealed it to my client. So we have a lot of problems in this case. We have a failure to exhaust issue, whereas several years ago, he's told here are your appeal rights on the benefit amount, and he waived them. We asked for a copy of that letter. Do you have that to present to us? I do have that, your Honor. In fact, I asked the clerk yesterday whether I should in response to your first letter. She said to hold off. All right. Well, you can give it today at the end of the argument. I will give it today. And so under this Court's precedent, not to mention every other circuit, you have to, as an ERISA claimant, exhaust your administrative remedies. And he was told how to do that and failed to. And he also failed to raise this issue with the district court. So he had so many opportunities to say over five and a half years, to say, we have a problem here still. We disagree. So when counsel comes to the court and says the issue was not moot, the only reasonable conclusion that this district court could have made was, of course it's moot. We haven't heard anything except for the fact that benefits have been reinstated. That's the only logical conclusion that could be made then, is that there's nothing left for the court to decide. But don't you think they should have an opportunity to put forth the case for attorney's fees at some point? Shouldn't we remand for that to be able to be pursued? I think they did put it in. They put it in there. Well, you put it in, and they responded that they would move for attorney's fees when the motion was determined because they were entitled to attorney's fees as a prevailing party. And under Hart, it would look as though they satisfied many of those criteria, does it not? No, Your Honor. In Hart's case that I was counsel of record on, so I'm intimately familiar with it, and we could probably spend the next day talking about what it says and what it does not say. But what the court specifically said in Hart is that you have to have some sort of judicial action. And in this case, there's no judicial action at all before the reinstatement of benefits. What's the citation on you have to have some sort of judicial action? It said that there must be some success on the merits of the claim, and the court gets into discussing that merits of the claim mean some involvement through the court and not procedural or trivial involvement by the court. There must be success on the merits of the claim is the exact language from the decision. And here there was no decision by the court on the merits of the claim prior to the reinstatement of benefits. And the only thing that did happen was afterward when the court said, plaintiff's motion is denied. So there was no success on the merits, and it was denied out of mootness, of course, at that point. So under Hart analysis, because there was no decision made by the court, there was nothing the court had ever decided, he failed to meet that initial threshold to be eligible to seek fees. Because that's what Hart says. You have two things that you must prove. One is that you're eligible to seek fees, and that is the some success on the merits of the claim. And then after you've met that threshold, if you meet that threshold, you can go to the ERSIC or five factors type of test. And the court did that here. The court said, you know, court addressed the five factors, and the issue was clearly in front of the court on the summary judgment motions. Yes, we brought it forward, and Hart wasn't decided yet, but he knew that we were arguing you're not allowed to get fees. And he argued Buckhannon at the time. Yes. And the interesting part, too, is all right, he then filed a motion for reconsideration. And that's the perfect time, the time, to argue there's been a change in the law. And counsel still failed to mention ERSIC or state how the ERSIC factors do not apply. He's waived it. By failing to raise that issue at that opportunity, when he's challenging the district court's decision on the fee issue, the specific issue he now appeals, he's waived the right to bring that in this court. You know, I think it's important to go back to the failure to exhaust issue, because that really defeats the claim that the court should have done something and that he was left. There's one quote in his brief that says, I was left without a remedy. No, he had the remedy. It was set to him in a letter where he could have exhausted his administrative remedies. And that's important because what's the purpose of exhaustion? It's so that there's a record for the district court to consider, or in this case, this court even. I'm going to hand that letter up to us and we'll get a copy to Judge Roth as well. Is that all right? Yes, Your Honor. And that's the one that says if you have a problem. Yes, the second page of it states the appeal rights under ERISA. All right. I think also, you know, not only is this doomed by the fact that counsel didn't say anything for over five years, the fact that he didn't exhaust his administrative remedies, but also this court's decision in Vitale versus Latrobe Area Hospitals, which is an ERISA benefits case. And in that case, this court stated, the Third Circuit stated that a court does not need to fix the amount of benefits in order for there to be a final order. Now, whether we're talking about a final order or mootness, it's two sides of the same coin. There's nothing left for the court to decide. So when benefits were reinstated and the court heard nothing further from the claimant, this case was over. Okay. But there was a motion for summary judgment pending. And what do you do if you're representing a client and the motion's pending for five years? Some judges are more proactive. Some judges are less proactive. I'm sorry. Some attorneys are more proactive. Some are less. But it's very difficult. I've been a district judge as Judge Smith and Judge Rendell. And I know I have sat on cases longer than I should. And can you, however, really blame the moving attorney? What do you do when the judge doesn't decide the case? It's very difficult. I think there are a few things that you could do. You could write a simple letter to the judge saying our motion's been pending. Or you can call the judge's clerk. But anybody who has practiced in front of judges, and judges are of varying temperament and personalities, all of them sweet and reserved, of course, but you know as well as I do that many attorneys are going to be a bit timid about bringing that to the attention of a particular judge. They're going to be afraid that they're going to be seen as complaining. So how can you put the onus on counsel? In a typical case where both parties have argued the merits, I would say that may be something to think long and hard before you do, because I think we've seen cases where the party that sends that letter out gets the answer and it's not the one they wanted. I've actually been a judge for longer than I want to think. I can remember a judge who said, you know, when I get one of those calls, file just goes over here. I'm not saying it was a federal judge, but it's a true anecdote. I agree. It's a touchy thing. But there's one big difference in this case. We had filed a motion pleading with the court saying this issue's mooted by the fact that we've reinstated benefits. The only issue that's before the court is now mooted by our reinstatement. So if he disagreed, he has to say something, and if the court still doesn't rule on it, I think he has to say, Your Honor, just to make it clear, the issue is still before the court. So you're saying the letter he should have sent wasn't please decide the case. The letter he should have sent was it really isn't moot. It needs to be decided. Precisely. In case there is some confusion, since benefits were reinstated, we are advising the court that it is our position that the case is not mooted and that the motion should still be decided. By waiting five and a half years until after the court has decided the motion, it's a little late. The cat's out of the bag at that point. So I think that there's got to be some responsibility for the lawyer. Yes. Is that a long delay of five and a half years? Yes. But the reason I'm convinced that the judge didn't do anything for that time is she thought the case was over, and nothing done by counsel led her to think otherwise. There's plenty of time for him to have raised these issues. So, Your Honors, on the fee issue, I think the big problem that he has is that he had the opportunity to address the ERSIC factors in his reply brief and especially in his motion of reconsideration. And by failing to do it, he's waived the right to do it at this time. And then there's the heart issue, but I don't think the court even needs to address that. That's an authority issue, I'll admit it. But I don't think the court even needs to get to that issue. Why do you think we don't need to get to heart? I don't think you need to get to heart because even if you assume that he was eligible, you have to look at Judge Tucker's decision on the ERSIC factors for abuse of discretion. You're saying the heart factor is number one. Assuming he met that, you still have to get ERSIC as the next step. The ERSIC's the next step, and he waived his right to object to the judge's conclusions on the ERSIC factors by never addressing them in his motion to reconsider. But heart says you don't have to get – if you find that you have a prevailing party, you don't have to get hung up on ERSIC. Anyway, I don't find the language. But anyway, the ERSIC factors are not necessarily a necessary determination to make if you find under heart that there is a prevailing party. Actually, it's a little different, Your Honor. What the court said was you cannot look at a five-factors test to decide if somebody is initially eligible to receive fees. But once you've found that they are eligible, i.e., by achieving some degree of success on the merits, you can then apply a five-factors test to see if that particular claimant should receive fees based on the degree of culpability and bad faith, deterrence factor, and the other factors at every circuit. You know, it's called the ERSIC in the third circuit. It's called something else in the others based on the case name, but it's all the same test. But you first have to meet that threshold of showing you have achieved some degree of success on the merits. And again, Your Honors, counsel hasn't presented this court with any basis to reverse either of the decisions by the district court. Therefore, we're asking that this court affirm the judgment in its entirety against the claimant. Thank you, Your Honor. Thank you. Mr. Smith? Thank you, Judge Rendell. Several issues. First, he cited VITALI. And I'll tell you that VITALI has nothing to do with mootness, but everything to do with when a decision by an administrator becomes final such that you could file an appeal to the district court. And that's all VITALI stands for. The second issue I need to address is this suggestion that you need a formal ruling by the court in order to, under Hart, get to the question of attorney's fees. This court has disagreed with that before Hart in the case, in the 1991 case, of Wheeler v. Tawanda Area School District where this court adopted what we refer to as the catalyst theory. And in that, it says that a plaintiff may be awarded fees on the basis of voluntary action taken by the defendant if the pressure of the lawsuit was a material contributing factor in bringing about the extrajudicial relief. And for all the policy reasons that that's good law, I think it clearly survives Hart. The third issue I need to address, I've got my numbers out of whack here. Is it Wheeler and Orissa case? I believe it is, but I'm not certain, Your Honor. I'm sorry. I don't have it with me. I'm sorry. Because, of course, the catalyst theory and other types of fee situations is no longer viable. You may be absolutely right, Judge, yes. But I believe that the policy considerations set forth by Zekarki, by the district court, apply here and give good reason for this court to utilize the catalyst theory where it concerns or the district court use the catalyst theory where it concerns applications for fees. The other issue I've heard over and over again, and the district court concluded, and Reliance has argued even today, that plaintiff is wrong because he hasn't exhausted his administrative remedies. I need to address that because it's important. They're wrong because their argument is that Orissa and the Third Circuit requires the exhaustion of every, be careful, issue, not claim, but issue. And they're distinguishing between issue one being liability, issue two being damages. And what they're saying is that every issue has to be addressed by the administrator, including fees, before you can bring a fee petition. Well, but once you get this letter and it shows the calculation, you think the calculation is wrong, you know, your complaint says I was wrongfully, arbitrarily, and capriciously denied benefits. Now your claim is you're not supposed to be deducting the Social Security benefit the way you have in this calculation. And the letter specifically says go to the plan administrator. Does it not? Why do you not then go to the plan administrator? Because this court, in the 1984 decision of Wolf v. National Shopman at 728 F. Second, 182, my time is up. May I finish? Continue. Had rejected, specifically rejected, the issue exhaustion theory in favor of a claim exhaustion theory. But your claim was you were improperly denied, the decision was arbitrary and capricious to deny you. The claim now that you would have is don't deduct, why are you deducting this amount? That's wrong. It's a different decision by them and therefore a different claim, is it not? No, it's all part of the same claim for benefits that were wrongfully denied as alleged by Jeff Lemons. And what the court had wasn't that. What the court had was this, which is the letter I received in the morning that motions for summary judgment were due, and there was no amount stated. I would have loved for there to have been. This is a May letter. That's the February letter? This is the February letter that I received at 814. I guess we need both letters. This was filed in response to a court's request we received on Monday. Monday? Monday. This was filed with the courts. It's of record today. All right. We'd like that as well. But there's nothing in there to indicate how they calculated the benefit or what the benefit was. But you did receive a letter May 16th, two months after that, May 16th. Two months after that. Yes, we did, Your Honor. Yep. Thank you. All right. Thank you. If you could provide a copy of that letter to the court. We're talking about the February 2016. February, please. All right. Thank you, counsel. We'll take the matter under advisement. Thank you.